**RAMSDELL, et v BONSER, et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5015. Decided May 18, 1936

I. L. Huddle, Cincinnati, and Maurice A. Thon, Cincinnati, for plaintiffs in error.

George E. Fee, Cincinnati, for defendants in error.

## OPINION

By ROSS, PJ.

This is a proceeding in error from the court of common pleas of Hamilton County, brought to reverse a decree of that court refusing the plaintiffs therein the right to the partition of certain real estate for the reason that such plaintiffs were not entitled to the title or possession thereof.

The suit was filed May 27, 1935. The action was for partition and accounting. The petition contained allegations that Clara E. Robb died intestate and that the plaintiffs were the children of her sister also deceased. That two of the defendants were children of a deceased brother, another defendant a daughter of a brother of the deceased Clara E. Robb and that five other defendants were the children of another deceased brother. It is further alleged that the defendants have been in possession of the property described in the petition, have collected the rents and profits thereof, and that the Provident Savings Bank & Trust Company has or claims to have some interest in such real estate.

An answer was filed by the defendant heirs of Clara E. Robb, in which it was alleged that she died testate in the year 1930, and by her will devised an undivided ½ interest in the real estate described in the petition to two of the defendants and the remaining undivided ½ interest to another defendant, that such will was admitted to probate July 10, 1935.

The Bank answered setting up an unpaid note and asked for foreclosure of a mortgage upon the premises. The indorsements upon such note show interest payments up to and including March 6, 1935. The executor named in the will was made a party defendant.

A reply was filed by the plaintiff in which it was alleged that if said Clara E. Robb died testate that the devisee defendants knew of the existence of such will and had it in their power to compel the probate thereof, and that for more than three years failed and neglected to cause such will to be probated, and that by reason of such neglect no title passed to the devisee defendants under such will.

The court decreed title and possession in the devisee defendants, refused partition, and dismissed the petition, reserving the cause for further procedure upon the cross-petition of the Bank.

The evidence produced at the trial presents a rather remarkable situation.

Clara E. Robb for many years had prior to her death employed the services of a local lawyer, who will be hereinafter designated the "attorney". He was her confidential adviser and the close friend and counsellor of the immediate family of the deceased. It is obvious that he took more than a mere professional interest in the affairs of this family. It is apparent also that he had their best interests, as he saw them, constantly at heart, and at all times sought to benefit them by his advice and counsel. He drew the will of the deceased, was named therein her executor, had the will in his possession at her decease, and retained possession thereof until it was probated. Shortly after her death the devisee defendants called upon the attorney and sought counsel as to how to proceed. The estate was encumbered and there were many debts. The attorney stated to these devisees that if the will were probated at once, he as executor would be compelled to take immediate steps to liquidate the debts of the decedent, and that in his opinion such a course would be disastrous to the best interests of such divisees and recommended that the devisees proceed to collect the rents and profits from the estate and apply same upon the debts. It is apparent at least to the extent of the interest upon the notes of the Bank that this was done. The devisees state that other debts were paid or reduced. They also state that not many months after the death of the testatrix that they requested the attorney to probate the will and that he promised to do so at once. In any event from the death of the testatrix,

January 22, 1930 until May 15, 1935, the will remained in the custody of the attorney without being presented for probate. On this date, a son and partner of the attorney, who had then for some time been seriously ill, presented the will and it was admitted to probate upon the 10th day of July, 1935—some five and one-half years after the death of the testatrix. That in failing to probate the will, the attorney was prompted by the highest motives connot be doubted.

The question presented for our consideration is raised by the contention of the plaintiffs that the devisees by failing to cause the probate of the will have ceased to have any right to take title to any estate.

Sec. 10504-29 (10541) GC, provides as follows:

"Unless it has been duly admitted to probate or record, as provided in this chapter, no will shall be effectual to pass real or personal estate."

In the case of **Petitt v Morton et, 28 Oh Ap 227,** the first paragraph of the syllabus is:

"Under the statute, the last will and testament of the decedent has no force or virtue until it is pro- ▮▮▮▮▮▮▮ bated, and until then has no legal standing as a basis for a suit in any court or as a basis for any claim to property or an interest therein on the part of the devisee of such instrument."

At the time of the filing of the original action, May 27, 1935, the devisee defendants had no title to the es- tate involved under the ▮▮▮▮▮▮▮ will, which was not pro- bated until July 10, 1935. This is not fatal in itself to their claims if any now exist under the will. **Woodbridge v Banning, Jr. 14 Oh St 328.**

Section 10542 GC, was in effect until its repeal January 1, 1932, when §10504-14 GC, was enacted in its place. §10542 GC, provided:

"No lands, tenements, or hereditaments, shall pass to any devisee in a will, who for three years knows of its existence and has it in his power to control it, unless, within that time, he causes it to be offered for, or admitted to, probate. By such neglect, the estate devised to such devisee shall descend to the heirs of the testator."

There can be no vested right in an unprobated will in view ▮▮▮▮▮▮▮ of the provisions of **Section 10504-29 GC,** supra.

The right to inherit or take by will is purely a creature of the legislature subject at all times to its ▮▮▮▮▮▮▮ control except in so far as rights may have vested under previous legislative acts.

The death of the testatrix having occurred January 22, 1930 and §10542 GC, having been repealed January 1, 1932, the three year period mentioned in the statute had not then elapsed. This statute, ▮▮▮▮▮▮▮ therefore, is not applic- able to the situation herein involved, and its terms and provisions may, therefore, be ignored.

**Sec. 10504-14 GC,** the statute which was passed by the legislature for §10542 GC, provides:

"No property or right, testate or intestate shall pass to a beneficiary named in a will, knowing for three years of its existence and having it in his power to control it, who, without reasonable cause, intentionally conceals or withholds it or neglects or refuses within that time to cause it to be offered for or admitted to probate. By such neglect, the estate devised to such devisee shall descend to the heirs of the testator, not including any heir who has concealed or withheld the will as aforesaid."

The provisions of this section are such more drastic when applicable than its predecessor. It is for us then to determine whether or not its terms do apply to those involved in this litigation. The entire section must be read as a whole. No isolated phrase or clause may be separated from its setting and so considered. The penalty (using this term in a broad sense) of the section applies to devisees—who knowingly for three years, and having in their power to control a will, without reasonable cause, intentionally conceal or withhold, or neglect or refuse for such period to cause it to be offered or admitted to probate. The penalty for such misconduct is a complete deprivation of any right to inherit from the testator or take under the will. The effect of this language is inescapable. The statute is therefore one imposing a loss in the nature of penalty or forfeiture, although not strictly within the definition of either of those terms. The trial court was the trier of the facts. These were not in serious dispute. The court was fully justified in applying equitable principles in considering the evidence in view of the severe penalty attaching by reason of the forfeiture ensuing when devisees were brought within the purview of the act.

It is contended by the plaintiffs at the outset that §10511 GC is applicable. This section was repealed January 1, 1932, and is superseded by §10504-10 GC, which provides as follows:

"If real or personal estate be devised, or bequeathed, by a last will, the executor, or any person interested therein, may cause it to be brought before the probate court of the county in which the decedent was domiciled. By citation, attachment or warrant, or, if circumstances require it by warrant or attachment in the first instance, such court may compel the person having the custody or control of such will, to produce it before the court for the purpose of being proved."

For the purposes of this case we do not construe the right given by the last section the equivalent of the power to control a will, nor an intentional concealment thereof, or a neglect or refusal to cause its probate. The attorney was not employed by any of the devisees. He was not their agent or subject to their direction. He was the executor and upon him rested the duty to present it for probate. The record distinctly shows statements by the devisees to the effect that he repeatedly promised to do so. While the actions and conduct of the devisees throw some doubt upon this statement, we find no opposing evidence other than such conduct creating an inference to the contrary. Therefore, the privileges given by §10504-10 GC, constitute the sole basis upon which a loss approximating a forfeiture may be asserted against the devisees. We find ourselves unable to hold that the failure to employ a right to proceed through the mandate of a court to cause the production of a will is equivalent to a wilful suppression of a will not in the possession or immediate control of such devisees.

It is our conclusion therefore that in this case under the circumstances developed thereby that the rules of chancery, opposed as they are to penalties and forfeitures, require us by analogies to refuse to adjudge a loss to the devisees imposed by §10504-14 GC, since the acts of the devisees fail to bring them within the strict confines of the provisions of such section.

No error, prejudicial to the plaintiffs in error therefore having intervened, the decree of the Common Pleas Court is affirmed.

MATTHEWS & HAMILTON, JJ, concur.